```
                    UNITED STATES DISTRICT COURT
                     MIDDLE DISTRICT OF FLORIDA
                        FORT MYERS DIVISION
```

UNITED STATES OF AMERICA

VS.                              CASE NO: 2:14-cr-48-FtM-29DNF

DEENA WILLIAMS
_____

## OPINION AND ORDER

This matter comes before the Court on defendant's Motion For Severance (Doc. #41) filed on October 10, 2014. The Government's Response (Doc. #46) was filed on November 14, 2014.

Defendant Deena Williams seeks a separate trial from co-defendant Titus Lamar Bellot because (1) the admission of post-arrest statements made by Bellot would violate her Sixth Amendment right to confront witnesses, and (2) they have mutually antagonistic defenses. It appears from the motion that defendant Bellot's post-arrest statement to a law enforcement officer and his post-arrest recorded telephone conversations with third parties while in jail would incriminate defendant Williams.

The general rule is that "defendants who are indicted together are usually tried together." United States v. Browne, 505 F.3d 1229, 1268 (11th Cir. 2007) (citing, inter alia, Zafiro v. United States, 506 U.S. 534, 537–38 (1993)). "That rule is even more pronounced in conspiracy cases where the refrain is that 'defendants charged with a common conspiracy should be tried

together.'" United States v. Lopez, 649 F.3d 1222, 1234 (11th Cir. 2011) (citations omitted).

A severance should be granted, however, if "there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants." Zafiro, 506 U.S. at 539. Trial courts have discretion to grant a severance if a defendant carries her burden to show both that (1) a joint trial would actually prejudice the defendant and (2) a severance is the proper remedy for the prejudice, rather than jury instructions or another remedy. Zafiro, 506 U.S. at 539-41; United States v. Browne, 505 F.3d 1229, 1268-69 (11th Cir. 2007). As to the first Zafiro step, a defendant "must carry the heavy burden of demonstrating the lack of a fair trial due to actual, compelling prejudice." United States v. Chavez, 584 F.3d 1354, 1360 (11th Cir. 2009); United States v. Gari, 572 F.3d 1352, 1365 (11th Cir. 2009). As to the second Zafiro step, severance is not automatically required even if prejudice is shown. Zafiro, 506 U.S. at 539-40. A court's limiting instruction to the jury will often cure any prejudice resulting from a joint trial. Zafiro, 506 U.S. at 539. "Aside from the two categories of defendants specified by the Supreme Court, most other defendants prejudiced by a joint trial are entitled only to curative instructions." United States v. Blankenship, 382 F.3d 1110, 1123 (11th Cir. 2004) (discussing "the two-step test" in Zafiro).

The rule of Bruton v. United States, 391 U.S. 123 (1968) bars the admission of incriminating statements made by nontestifying co-defendants at a joint trial. United States v. Thayer, 204 F.3d 1352, 1355 (11th Cir. 2000). Thus, in a joint trial, the government will not be allowed to introduce statements by co-defendant Bellot which reference defendant Williams (or vice versa). If the government intends to use such statements, severance will be granted.

In Zafiro, petitioners urged the Court to "adopt a bright-line rule, mandating severance whenever codefendants have conflicting defenses." Id. at 538. The Court declined to adopt such a rule, holding that "[m]utually antagonistic defenses are not prejudicial per se. Moreover, Rule 14 does not require severance even if prejudice is shown; rather, it leaves the tailoring of the relief to be granted, if any, to the district court's sound discretion." Id. at 538-39. Defendant Williams has not shown such mutually antagonistic defenses which cannot be suitably handled by jury instructions.

Accordingly, it is hereby

**ORDERED:**

Defendant's Motion For Severance (Doc. #41) is **GRANTED in part** to the extent that severance will be granted if the government intends to introduce statements by defendant Bellot which

reference defendant Williams (or vice versa), and is otherwise **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___17th___ day of November, 2014.

_____
JOHN E. STEELE
UNITED STATES DISTRICT JUDGE

Copies:

Counsel of Record